122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maria Esther CASTRO, a.k.a. Maria Castro de Goyburo, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70979.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Filed Aug. 28, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Maria Esther Castro, a native and citizen of Peru, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") order denying her applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) & 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105(a). We review the BIA's finding that Castro failed to demonstrate an objectively reasonable fear of persecution for substantial evidence, see INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992), and we deny the petition.
 
 
 3
 Castro contends that the BIA erred in determining that she failed to demonstrate her eligibility for asylum based on imputed political opinion, erred in determining that a relative of a police Dfficer accepts the dangers inherent in police work, and erred in denying her application for withholding of deportation.
 
 
 4
 To show eligibility for asylum based on imputed political opinion, Castro must demonstrate that she has suffered past persecution, or has a well-founded fear of future persecution, on account a political opinion imputed to her by her persecutors. See Sansha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997).
 
 
 5
 Castro is correct that government employment may give rise to a claim of asylum based on imputed political opinion. See Aquilera-Cota v. INS, 914 F.2d 1375, 1379-80 (9th Cir.1989). However, because Castro failed to demonstrate her own persecution in the past, or a well-founded fear of persecution in the future, see Sansha, 103 F.3d at 1487, substantial evidence supports the BIA's determination that Castro failed to satisfy the statutory requirements for the grant of asylum, see Elias-Zacarias, 502 U.S. at 481.
 
 
 6
 Castro's contention that she is eligible for withholding of deportation fails as well. Because she has not shown even a well-founded fear of persecution, she cannot meet the higher standard of clear probability of future persecution necessary for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 PETITION DENIED
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3